J. M. NUNEZ & COMPANY, plaintiffs in error, *vs.* THE SOUTHERN EXPRESS COMPANY, defendant in error.

(BY TWO JUDGES.)—Where a new trial is granted, and the judgment of the Court granting a new trial is excepted to, the plaintiffs in error cannot assign error upon the charge of the Judge to the jury.

Where the Judge of the Court trying the cause granted a new trial on the ground that the verdict is contrary to the evidence, his discretion will not be controlled, unless it is manifest it has been abused. March 5th, 1872.

New trial. Before Judge JOHNSON. Muscogee Superior Court. May Term, 1871.

The necessary facts are in the opinion.

M. H. BLANFORD, R. J. MOSES, for plaintiffs in error.

SMITH & ALEXANDER, for defendants.

MONTGOMERY, Judge.

This was a suit against the defendant in error for a failure to transport fruit from Columbus to New York within the time required by special contract, by which failure plaintiffs allege loss by reason of the fruit rotting and by non-delivery of seven boxes of the fruit.

The contract proven differed in some essential particulars from that set out in the declaration. The Court charged the

jury, that "the plaintiff declares on a special contract, and unless the contract is proven, as set out in the declaration, the plaintiff cannot recover."

The jury found for plaintiff, and defendant moved for a new trial; first, because the verdict was contrary to law and the charge of the Court; secondly, because the verdict was contrary to evidence. The Judge granted a new trial, and plaintiff excepted to the order granting a new trial, and to the charge of the Court to the jury.

Of course, if a new trial is granted because the verdict is contrary to the charge of the Court, and the verdict is right and the charge wrong, the judgment granting the new trial will be reversed. But if the new trial be granted because the verdict is contrary to evidence, the plaintiff cannot complain of the charge to the jury, for two reasons; first, he was not hurt by it; secondly, it is no final decision from which a writ of error lies. If the judgment granting the new trial, on the ground that the verdict is against evidence, is correct, it is not even a decision to which the plaintiff is obliged to file a bill of exceptions *pendente lite.* The granting of the new trial necessarily re-opens the whole case. If the judgment granting the new trial, on the ground that the verdict is against the evidence, is incorrect, a reversal for this reason will answer every purpose of plaintiff in error.

Taking into view the evidence, and the charge of the Court, it is apparent the new trial is granted on the ground that the verdict was contrary to the evidence, though the Judge does not so say in the order granting the new trial. This Court has repeatedly decided that where a Judge grants a new trial on the ground that the verdict is contrary to the evidence, his discretion will not be interfered with unless manifestly abused. We see no abuse of it in the present case.

Judgment affirmed.